[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 09, 2004
THOMAS K. KAHN
CLERK

No. 04-10986

D.C. Docket No. 94-00492-CV-J-20

ETHERIA VERDEL JACKSON,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary,
Florida Department of Corrections,

Respondent-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(July 9, 2004)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges,

TJOFLAT, Circuit Judge:

# I.

On December 15, 2003, the district court entered a final judgment in this case denying petitioner habeas corpus relief from his conviction and sentence for capital murder. On January 5, 2004, petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] The motion was untimely because petitioner failed to file it within ten days of the entry of final judgment as Rule 59(e) requires. On January 29, 2004, the district court entered a

---

[1] Rule 59 authorizes motions for new trials and to alter or amend the judgment. Part (a) of Rule 59 specifies the grounds for motions for a new trial. The portion of part (a) pertaining to bench trials, such as evidentiary hearings in habeas corpus actions brought in the district courts, states:

> A new trial may be granted . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Part (e) of the rule, relating to motions to alter or amend judgment, states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Attorneys Eric C. Pinkard and David R. Gemmer filed the Rule 59(e) motion on petitioner's behalf. In addition to requesting Rule 59(e) relief, the motion asked the district court to hold the habeas proceeding in abeyance pending the Supreme Court's decision in Summerlin v. Stewart, 341 F.3d 1082 (9th Cir. 2003), cert. granted sub nom Schriro v. Summerlin, 124 S. Ct. 833, 157 L. Ed. 2d 692 (Dec. 1, 2003), and to grant petitioner leave to amend his second amended petition for a writ of habeas corpus so that he could present several substantive constitutional claims (which the district court's judgment had denied) as aspects of a new ineffective assistance of counsel claim. According to petitioner, his attorney, in appealing his conviction and sentence to the Florida Supreme Court, deprived him of his right to the effective assistance of counsel when he failed to present these substantive constitutional claims in petitioner's brief. These issues are not before us because we are reviewing only the question of our jurisdiction necessitated by the untimely filing of the motion. See infra, part II. For ease of discussion, we refer to the motion in its entirety as petitioner's "Rule 59(e)" motion.

written order stating that the motion was "DENIED."[2]  On February 27, 2004,

petitioner filed a notice of appeal in the district court; the notice stated that he was

appealing the final judgment of December 15, 2003 and the order of January 29,

2004.

On April 7, 2004, this panel dismissed petitioner's appeal of the December

15, 2003 judgment in an order containing the following language:

> Appellant's motion to alter or amend, made pursuant to Fed. R. Civ. P. 59(e)
> was not filed within ten business days of and did not toll the appeal period
> for the December 15, 2003, judgment.  Fed. R. App. P. 4(a)(4)(A); Fed. R.
> Civ. P. 6(a), 58, 60(b).  Therefore the appeal is DISMISSED as to that
> order.[3]

On April 20, 2004, petitioner moved this court to reconsider its April 7

order dismissing his appeal of the December 15, 2003 judgment.[4]  In his motion,

petitioner conceded that the Rule 59(e) motion he filed in the district court on

January 5, 2004 might be untimely.  If untimely, he asks that we treat the motion

---

[2] The order consisted of one sentence.  The sentence contained no reason for the ruling.

[3] Our April 7 order stated that petitioner's notice of appeal was:
timely to appeal the district court's January 29, 2004, order denying the Rule 59(e)
motion, construed as a motion under Fed. R. Civ. P. 60(b), for relief and the appeal MAY
PROCEED from that order.  Rice v. Ford Motor Co., 88 F.3d 914 918-19 (11th Cir.
1996); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).  The appeal
shall be limited to a determination of whether the district court abused its discretion in
denying the motion for relief and to set aside the judgment, and shall not extend to the
validity of the underlying order per se.

[4] Eric C. Pinkard, one of the lawyers who filed petitioner's Rule 59(e) motion in the
district court, filed petitioner's motion for reconsideration.

3

as timely under the "unique circumstances" doctrine. He cites <u>Willis v. Newsome</u>, 747 F.2d 605 (11th Cir. 1984), in which we granted relief under that doctrine, and states that the unique circumstances surrounding the filing of petitioner's Rule 59(e) motion "fall[] squarely within the situation compelling relief in <u>Willis</u>."

The "unique circumstances" petitioner relies on are set out in the affidavit of one of the attorneys who filed his Rule 59(e) motion, David R. Gemmer. In his affidavit, Gemmer states that "[o]ne of my tasks [in filing the Rule 59(e) motion] was to determine the deadline for filing the motion." To this end, he reviewed the Federal Rules of Civil Procedure and the district court's local rules. He

> understood from that review that the Motion had to be timely filed within ten days from the date of entry of the order in question. However, [he] also was aware of Fed. R. Civ. P[.] 6 and Local Rule 4.20, which provided for three additional days to file when there had been service of a notice or paper by mail.[5] While the

---

[5] In referring to Rule 6, Gemmer was apparently focusing on the provisions of part (e) of the rule, which states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

Rule 5 governs "Serving and Filing Pleadings and Other Papers." Part (a), speaks, in pertinent part, to "Service: When Required."

> Except as otherwise provided in these rules, every order <u>required by its terms to be served</u>, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that

4

pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

(emphasis added). Subparts (b)(2)(B), (C), and (D), respectively, authorize service [under part (a)], by mail, by leaving a copy with the clerk of the court "if the person served has no known address," and by "other means, including electronic means."

The district court's order denying petitioner habeas corpus relief did not require "by its terms" that it be "served" on the parties. The final judgment entered pursuant to that order on December 15, 2003 was "set forth on a separate document," as required by Federal Rule of Civil Procedure 58. The clerk thereafter served copies of the order and final judgment on the parties as required by Rule 77(d). It is important to note that the clerk's failure to notify a party of the issuance of an order or the entry of final judgment "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d). By the same token, the fact that the clerk serves the parties by mail with notice of the entry of judgment does not extend the time for filing a notice of appeal by three days pursuant to Rule 6(e).

For purposes of Rule 59(b) and (e)'s ten-day limitations periods, we focus on when the judgment is <u>entered</u>, not when it is <u>served</u>. Fed. R. Civ. P. 59(b), (e) (stating that such motions "shall be filed no later than 10 days after <u>entry of the judgment</u>" (emphasis added)). Rule 58 governs entry of judgment. Part (a)(1) requires, "Every judgment and amended judgment must be set forth on a separate document . . . ." Part (a)(1) then lists exceptions to the separate document requirement that are not applicable here. Part (b) states, in pertinent part:

Judgment is entered for purposes of these rules: . . .

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:

(A) when it is set forth on a separate document, or

(B) when 150 days have run from the entry in the civil docket under Rule 79(a).

In this case, Rule 58(a)(1) required a separate document for the December 15, 2003 judgment. The judgment satisfied both prongs of Rule 58(a)(2) on December 15, 2003, when it was both entered on the docket and set forth in a separate document. December 15 was therefore the date the judgment was entered under Rule 58, and the date from which the Rule 59(e) limitations period ran. Because Rule 6(e) only applies when a party "has the right or is required to do some act or take some proceedings <u>within a prescribed period after the service</u>" (emphasis added), while Rule 59(b) and (e) require action to be taken within "10 days after <u>entry</u> of the judgment," (emphasis added) Rule 6(e) can never extend the time for filing a Rule 59(b) or (e) motion.

Local Rule 4.20 provides:

(a) Pursuant to Fed.R.Civ.P. 6(a) and (e), whenever a period of time prescribed or allowed by the Federal Rules of Civil Procedure or the Rules of the District Court of the United States for the Middle District of Florida, or by any applicable statute is less than eleven (11) days and there has been service of a notice or other paper upon a party by mail, then the period of time which that party has to act shall be computed as follows:

(1) By first calculating the original prescribed period pursuant to Fed.R.Civ.P. 6(a); and

5

[December 15, 2003 judgment] had been mailed to [his office, he] was not sure whether the local rule applied to the Motion. [He] either had no knowledge or had no recollection of Cavaliere v. Allstate Insurance Co., 996 F.2d 1111 (11th Cir. 1993)." [See infra part II.]

After reviewing the above rules, Gemmer telephoned "the office of the Clerk in the Federal District Court . . . several days before December 31, 2003."[6] During his conversation with the woman who answered the telephone, he mentioned Local Rule 4.20 and asked whether Local Rule 4.20 "applied.  She affirmatively told [him] that Local Rule 4.20 applied to [his] situation." Responding to his statement that he was having "problems with counting the holidays," she said that "December 25 and 26th were official court holidays, the extra day being established by the President in a special order."  He then "counted off the days accounting for the holidays and Rule 4.20 and determined that Monday, January 5, 2004, would be the deadline for filing the [m]otion."  "Had the clerk expressed any doubt . . . about the application of Rule 4.20, [he] would

---

(2) By then adding three (3) days to the original prescribed period pursuant to Fed.R.Civ.P. 6(e). The three (3) days shall be calculated beginning with the day following the last day of the original prescribed period, and shall be counted consecutively regardless of whether any day of this three (3) day period is a Saturday, Sunday, or legal holiday as defined in Fed.R.Civ.P. 6(a). The third day shall be treated as the last day of the period unless it is a Saturday, Sunday, or legal holiday in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

M.D. Fla. Local R. 4.20.

[6] Gemmer "did not obtain or recall the name of the clerk [he] spoke with."

have conducted additional research, but her answer was clear, emphatic, and unreserved, as was her affirmation that, accounting for holidays, weekends, and Rule 4.20, January 5, 2004 was [his] deadline." Nonetheless, "[b]oth the clerk and [Gemmer] acknowledged that the clerk's representations were not binding."

Gemmer goes on to state that his

> confidence that the motion had passed muster as timely was increased when the state and the court addressed the Application for Certificate of Appealability substantively [i.e., for the purpose of identifying claims that satisfied the criterion of 28 U.S.C. § 2253(c)(3)] , rather than dismissively as based on a void notice of appeal. This buttressed [his] belief that the denial of the Motion to Alter or Amend was based on the merits.

In the body of his motion for reconsideration, petitioner urges that, in determining whether the unique circumstances doctrine applies, we should take into account, in addition to what Gemmer says in his affidavit, the following factors.[7] First, the State, in responding to his Rule 59(e) motion, did not contend that it was untimely. "Had it done so in a timely fashion . . . , [petitioner] could have filed the Notice of Appeal in a timely fashion." Second,

> [h]ad the trial judge denied the Motion for untimeliness January 27, 2004, [petitioner] would have had more than two weeks to seek relief for excusable neglect under Fed. R. App. P. 4(a)(5). Instead, the lack of any objection or notice of the issue in this case lulled counsel into proceeding on

---

[7] If petitioner is correct that under Local Rule 4.20, his Rule 59(e) motion was timely, application of the unique circumstances doctrine is unnecessary. He invokes the doctrine as a cautionary measure, realizing that Local Rule 4.20's application is problematic.

7

the schedule based on the assumption the Rule 59(e) motion was timely.

## II.

A notice of appeal challenging the final judgment in a civil action must be filed no later than thirty days after the judgment is entered on the district court's docket. Fed. R. App. P. 4(a)(1)(A). A timely Rule 59(e) motion to alter or amend the judgment automatically tolls this thirty-day period, so that it begins to run from the date of the order denying the motion.  Fed. R. App. P. 4(a)(4)(A).[8] The motion to alter or amend the judgment is timely if filed "no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e); see Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996) ("Untimely motions under Rule[] 59 . . . will not toll the time for filing an appeal.").

Because the time period for filing a motion to alter or amend the judgment is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are not included in the computation. Fed. R. Civ. P. 6(a). Legal holidays include, inter alia, Christmas Day, New Year's Day, and "any other day appointed as a

---

[8] Federal Rule of Appellate Procedure 4(a)(4)(A) also tolls the time for filing a notice of appeal when the appellant moves the district court for the entry of judgment under Rule 50(b), to amend or make additional factual findings under Rule 52(b), for attorney's fees under Rule 54, for a new trial under Rule 59, or for relief under Rule 60 "if the motion is filed no later than 10 days after the judgment is entered." When one of these motions is filed, the time for filing an appeal challenging the final judgment runs "from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).

8

holiday by the President or the Congress of the United States . . . ." Id.

In this case, the judgment was entered on Monday, December 15, 2003. To toll the time for filing an appeal, petitioner's motion to alter or amend the judgment had to have been filed by Tuesday, December 30, which was ten days later, not counting two weekends and Christmas Day. The motion was actually filed on January 5, 2004.[9] The motion was therefore untimely and did not toll the time for filing a notice of appeal from the December 15 judgment. Accordingly, the notice of appeal was due, as prescribed by Federal Rule of Appellate Procedure 4(a)(4)(A), on January 14, 2004, which was thirty days after the entry of the December 15 judgment. The notice of appeal petitioner filed on February 27, 2004 was therefore untimely.

According to his affidavit, Gemmer believed that "Fed. R. Civ. P[.] 6 and Local Rule 4.20 . . . provided for three additional days to file when there had been service of a notice or paper by mail." He had received the December 15, 2003

---

[9] According to petitioner, the motion was timely if one takes into account three days under Local Rule 4.20 and December 26 as a "day appointed as a holiday by the President." See Fed. R. Civ. P. 6(a). In his affidavit, Gemmer states that the clerk's office employee with whom he spoke over the telephone told him that the President had appointed December 26 a holiday. The record does not indicate whether December 26 was in fact such a holiday, and we decline to take judicial notice of the matter on our own initiative. Whether December 26 was a declared holiday is of no moment, however. Petitioner fails to convince us that Local Rule 4.20 provided him three extra days to file his Rule 59(e) motion. In short, even if December 26 was a holiday ordered by the President, petitioner had to file his motion no later than Wednesday, December 31, 2003.

judgment by mail; nevertheless, he was "not sure whether the local rule applied to [his Rule 59(e)] Motion."

The Rule 6 provision Gemmer was referring to is part (e), which we quote in the margin. See supra note 5. Gemmer was unfamiliar with our decision in Cavaliere v. Allstate Ins. Co., 996 F.2d 1111 (11th Cir. 1993). Had he read it, he would have discovered that the appellant there, Cavaliere, made the same argument about Rule 6(e) that he and his co-counsel advance here. Cavaliere argued that because the final judgment was "served" by the clerk of the court by mail,[10] Rule 6(e) provided him with three extra days to file his Rule 50(b) motion for new trial. We rejected Caviliere's argument. We held that Rule 6(b), which bars the district court from "extend[ing] the time for taking any action under Rules 50(b) . . . and [59](e)," renders Rule 6(e) ineffective with respect to the time for filing Rule 59 motions. Given this holding, is petitioner's argument that Local Rule 4.20 provided him with three extra days for filing his Rule 59(e) motion valid? The answer has to be no.

---

[10] The panel's opinion in Cavaliere does not indicate whether Cavaliere contended that he received the final judgment by mail. According to the opinion, his argument was "as follows: Under Rule 77(d), the court clerk was required to serve the judgment on Cavaliere by mail; Cavaliere had the 'right' to file his motion for a new trial 'within a prescribed period'; therefore, Cavaliere was entitled to three extra days." 996 F.2d at 1113. The fact that Rule 77(d) requires the clerk to notify the parties of the entry of final judgment does not extend the time for filing a notice of appeal and, thus, the time for filing a Rule 59 motion. See supra note 5.

The district court promulgated Local Rule 4.20 under the authority provided by 28 U.S.C. § 2071(a), which states:

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. <u>Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under [28 U.S.C. § 2072]</u>.

(emphasis added.). Federal Rule of Civil Procedure 6 (and each of its subparts) was prescribed under § 2072. Rule 83 states in part (a) that "[a] local rule shall be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. §2072 . . . ." Local Rule 4.20, to the extent it is inconsistent with Rule 6(e), is therefore invalid. Local Rule 4.20's allowance of three extra days for filing Rule 59 motions is inconsistent with Rule 6(b)'s ban on extending the rule's ten-day limitations period and is therefore a nullity. In sum, petitioner's Rule 59(e) motion was untimely.

## III.

Petitioner asks that we treat his motion as timely under the "unique circumstances" doctrine. The unique circumstances doctrine excuses a litigant's failure to abide by the jurisdictional time limitations established by the rules, such as the ten-day limitations period prescribed by Rule 59, when the failure is caused by the litigant's reasonable reliance on a specific assurance by a judicial officer.

11

Hollins v. Dep't of Corr., 191 F.3d 1324, 1327 (11th Cir. 1999). In determining whether the doctrine should be invoked, we focus on "the reasonableness of the appellant's reliance on the action of the district court." Pinion v. Dow Chem., U.S.A., 928 F.2d 1522, 1532 (11th Cir. 1991). "[A]ny judicial action prior to the expiration of the relevant time period for appeal that could have lulled the appellant into inactivity may permit our application of the doctrine." Hollins, 191 F.3d at 1327 (citing Pinion, 928 F.2d at 1529) (marks and citations omitted).

The unique circumstances petitioner cites are set out in Gemmer's affidavit and the body of petitioner's motion for reconsideration. Reduced to their essentials, they are: (1) that Gemmer obtained the assistance of someone in the clerk's office to calculate the number of days he had in which to file petitioner's Rule 59(e) motion; specifically, the holidays that were to be counted and whether, under Rule 6(e) and Local Rule 4.20, he had three extra days, in addition to the ten days provided by the rule, to file the motion; (2) that the State did not object to the motion as untimely; and (3) that the district court, in denying the motion, did not do so on the ground that it was untimely filed.

The facts petitioner relies upon to satisfy the unique circumstances inquiry mirror those relied upon by appellant Dow Chemical in Pinion. If anything, Dow Chemical presented a stronger case for the application of the doctrine than

12

petitioner has.  In <u>Pinion</u>, the district court, giving effect to the jury's verdict, entered a $2,450,000 judgment against Dow Chemical.  928 F.2d at 1524.  Two days later, Dow Chemical presented the court with a consent order (signed by counsel for Dow Chemical and the plaintiffs) purporting to give Dow Chemical a thirty-day extension to file post-trial motions.  <u>Id.</u>  The court signed that consent order and another consent order several weeks later.  <u>Id.</u>  Within the time provided by the second extension, Dow Chemical filed a motion for judgment notwithstanding the verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and, alternatively, a motion for new trial pursuant to Rule 59.  <u>Id.</u>  The court denied both motions, and Dow Chemical appealed.  <u>Id.</u>

Dow Chemical filed its notice of appeal ninety-six days after the entry of final judgment, long after the thirty-day appeal period Rule 4(a) of the Federal Rules of Appellate Procedure provides.[11]  Although the plaintiffs did not question our jurisdiction to entertain the appeal, we did so own our own initiative.  <u>Id.</u>

After concluding that Dow Chemical's post-trial motions were untimely and thus did not toll the time for taking an appeal under Rule 4(a), we launched into the unique circumstances inquiry, assessing the "<u>reasonableness</u> of [Dow

---

[11]   The notice of appeal was so late that any extension Federal Rule of Appellate Procedure 4(a)(5) may have provided was unavailable.

13

Chemical's] reliance on the action of the district court." Id. at 1532. Specifically, "[w]as it reasonable for Dow to rely upon the district court's improper extension of the time for filing post-trial motions, in spite of the explicit language of Rule 6(b) prohibiting the district court from granting such an extension?" Id. Our answer was clear: "When the problem is framed in this manner, we must answer 'No.'" Id. "[T]he more apparent it becomes that the party's filing error stems as much from the party's own negligence in simply not reading or inquiring about the Rules, as it does from actual reliance on some action by the district court, the circumstances become far less 'unique.'" Id. at 1533.

In Pinion, counsel admitted that they "'inadvertently overlooked the Rule 6(b) prohibition.'" Id. In the case at hand, petitioner's counsel was similarly neglectful, overlooking Rule(6)(b)'s prohibition and our decision in Cavaliere. In Pinion, we cited the Third Circuit's comments in a case presenting a similar scenario:

> The unique circumstances doctrine has never been extended to an attorney's miscalculation of the applicable time limits, and we see no reason to do so here even if the trial judge also shared that incorrect assumption.

Id. (quoting Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1365-66 (3d Cir. 1990)). We also cited a Tenth Circuit case for the proposition that an attorney

14

cannot reasonably rely on an improper enlargement of the time to file a notice of appeal "in light of his 'duty to familiarize himself with the appellate rules.'" See id. (quoting Certain Underwriters at Lloyds of London v. Evans, 895 F.2d 1255, 1257-58 (10th Cir. 1990)). In rejecting the argument that counsel were justified in relying on the district court's unlawful ruling, the Certain Underwriters court said: counsel either "knew or should have known" that the district court had exceeded the maximum allowable extension under App. Rule 4(a)(5). 896 F.2d at 1258. So, too, in Pinion: counsel were not entitled to rely on the district court entry of an order extending the ten-day period for filing post-trial motions under Rules 50(b) and 59. To this effect we cited a Seventh Circuit observation in "United States v. Hill, 826 F.2d 507, 508 (7th Cir. 1987) ('The Supreme Court has not held or even hinted that a defendant's own neglect, or that of his lawyer, extends a jurisdictional time limit.')." Pinion, 928 F.2d at 1533.

Pinion makes clear that it was unreasonable for petitioner's counsel to rely on the State's failure to oppose petitioner's Rule 59(e) motion as time-barred or to read the district court's denial of the motion as a ruling on its merits. And, if counsel in Pinion could not rely on the district court's extension orders, certainly counsel in this case could not rely on an unknown clerk's office employee's statement that Local Rule 4.20 gave counsel three extra days to file petitioner's

15

motion, especially after the employee told counsel, in Gemmer's words, that her "representations were not binding."[12]

Precedent requires that we deny petitioner's motion for reconsideration. It is, accordingly,

DENIED.

---

[12] Petitioner argues that <u>Willis v. Newsome</u>, 747 F.2d 605 (11th Cir. 1984), in which we provided relief under the unique circumstances doctrine, dictates our decision. We disagree. The circumstances in that case and the circumstances here cannot reasonably be considered analogous. There, "the district court's filing clerk" told appellant's attorney that appellant's notice of appeal would be stamped filed on the date he placed the notice in the United States mails. <u>Id.</u> at 606. In essence, what the filing clerk told counsel was that the post office was a repository of the clerk's office, a representation that counsel could neither affirm nor refute by consulting the Federal Rules of Procedure or the case law.

BLACK, Circuit Judge, specially concurring:

Because this is a capital case, I find the result reached today very troubling. Ultimately, however, the facts in this case do not permit us to apply the "unique circumstances" doctrine.

There was no reliance upon a representation or order from the district court. *See Butler v. Coral Volkswagen, Inc.*, 804 F.2d 612, 613 (11th Cir. 1986) (discussing petitioner's reliance on the district court's extension of the time in which a new trial motion could be amended); *Inglese v. Warden, U.S. Penitentiary*, 687 F.2d 362, 362–63 (11th Cir. 1982) (discussing petitioner's reliance on the district court's order extending the time in which a Rule 59(e) motion could be filed). Nor was there reliance on assurances received from the clerk's office pertaining to the administrative functions of the clerk's office, about which attorney familiarity could not be presumed. *See Hollins v. Department of Corrections*, 191 F.3d 1324, 1326 (11th Cir. 1999) (observing that the district court's PACER system failed to show the district court's entry of a final order); *Willis v. Newsome*, 747 F.2d 605, 606 (11th Cir. 1984) (noting that the clerk's office gave assurances regarding "local custom" and practice for stamping notices of appeal).

Here, Petitioner's counsel called and asked the clerk for *legal*

*advice*—specifically, how to interpret the procedural rules regarding the time for filing a Rule 59(e) motion. Petitioner thus did not rely on either representations made by the district court or assurances from the clerk's office pertaining to an administrative function.

The "unique circumstances" doctrine does not permit us to reassign the lawyer's obligation to read the relevant rules and case law. In other words, it is not the responsibility of the clerk's office to inform the lawyer of the law. *See Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 152 (2d Cir. 1999) (finding no unique circumstances where appellants relied on representations from the clerk's office involving legal matters). As we have previously noted, even in a case as grave as this, an equitable remedy such as the "unique circumstances" doctrine does "not exist merely to rehabilitate attorney oversight or inadvertence." *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1534 (11th Cir. 1991). Therefore, I must very reluctantly join in the opinion.

CARNES, Circuit Judge, specially concurring:

Like Judge Black, I'm not fond of the result in this case but recognize that the law and the facts with which we are presented require it.

This would-be appellant has an experienced attorney who serves as Assistant Capital Collateral Regional Counsel-Middle Region of Florida. Experienced as this counsel is, he screwed up. If one credits his affidavit, which given the present posture of the case we must, he unjustifiably sought and relied upon the advice of an unidentified person in the local clerk's office when he could and should have found the answer to his legal question himself. Not only that, but his affidavit discloses that both the person in the clerk's office and counsel acknowledged during their telephone conversation "that the clerk's representations were not binding."

In these circumstances, reliance upon that advice was unreasonable to say the least, and more to the point, it is outside our unique circumstances doctrine. See Pinion v. Dow Chem. U.S.A., 928 F.2d 1522 (11th Cir. 1991); Willis v. Newsome, 747 F.2d 605, 606 (11th Cir. 1984). If counsel had sufficiently researched the matter about which he had a question, as he should have, he would have turned up our decision in Cavaliere v. Allstate Ins. Co., 996 F.2d 1111 (11th Cir. 1993), and Fed.R.Civ.P. 83(a)(1). Instead, he put at risk his client's right to

19

appeal the judgment against him in return for the prospect of gaining a few days extra time for filing a Rule 59(e) motion.

If this were a case involving two corporations, we would apply the established rules, which require that we dismiss the appeal, and would do that with little or no discussion. What has brought forth more in response to the motion for reconsideration in this case is the fact that the party whose appeal is being dismissed is on death row, and the judgment he is seeking to appeal is one denying him federal habeas relief. That makes us as judges want to hear and decide the appeal instead of dismiss it for lack of jurisdiction because of an untimely notice of appeal. However, the rules relating to timeliness of filing and appellate court jurisdiction apply without respect to the identity of the parties or the nature of the case. We do not have one set of rules for petitioners and their attorneys in capital cases and another set for everyone else.

As judges we are obligated to follow the law, regardless of whether we personally like the result of doing so. We have done that.