[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

No. 04-14400
Non-Argument Calendar
_____

D.C. Docket No. 99-00022-CR-RH-WCS

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DANIEL WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 16, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Daniel Wright, proceeding pro se, appeals from the district court's denial of

his motion for leave to file a belated appeal from the denial of his motion for a

new trial, which he had filed pursuant to Fed. R. Crim. P. 33 ("Rule 33 motion"). Wright's Rule 33 motion sought a new trial based on his claims of both newly discovered evidence and newly discovered facts. The district court denied Wright's Rule 33 motion on February 21, 2001, though its order addressed only Wright's newly discovered evidence claims without mention of his "newly discovered facts" claim relating to the trial testimony of Charles Williams.

In August 2004, more than three years after the district court denied his Rule 33 motion, Wright filed a motion for leave to file a belated notice of appeal from that denial. In that motion, Wright argued that he never received notice of the denial of his Rule 33 motion because the copy that was mailed to him was returned to the court as undeliverable. The district court denied Wright's motion for leave to file a belated appeal.

On appeal, Wright argues that the district court abused its discretion in denying his motion for leave to file a belated notice of appeal from the denial of his Rule 33 motion. Wright also argues that the district court erred in failing to resolve his newly discovered facts claim as to the testimony of government witness Williams. He asserts that we should issue a writ of mandamus, instructing the district court to resolve this claim for purposes of finality, pursuant to Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc).

**BELATED APPEAL**

We review the decision on a motion for an extension of time to appeal for an abuse of discretion. In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 n.7 (11th Cir. 2000). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after" the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). Although the clerk of court must provide notice to the defendant regarding any order entered on any post-arraignment motion, a clerk's failure to do so "does not affect the time to appeal, or relieve – or authorize the court to relieve – a party's failure to appeal within the allowed time." Fed. R. Crim. P. 49(c). However, upon a finding that the failure to file during the original period resulted from "excusable neglect or good cause", the district court may authorize an extension, but only for a period not to "exceed 30 days from the expiration of time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4); see also, United States v. Grant, 256 F.3d 1146, 1150-51 (11th Cir. 2001) ("Grant's second notice of appeal, however, was filed . . . more than 30 days late and therefore does not fall within the Rule 4(b)(4) window."). In addition to Rule 4(b)(4), we also recognize the "unique circumstances doctrine" which excuses failure to abide by time limitations where the failure is caused by the litigant's

3

reasonable reliance on a judicial officer's specific assurance.  See Jackson v. Crosby, 375 F.3d 1291, 1297 (11th Cir. 2004).

Wright cannot satisfy the criteria for any of the exceptions to the time limitation for filing a notice of appeal.  Wright did not file his notice of appeal within the ten days of the district court's judgment, nor within an additional thirty days beyond that period, precluding application of Rule 4(b)(4).  Nor can Wright rely on the unique circumstances doctrine, as Wright's did not rely upon any "specific assurance by a judicial offer" in failing to timely file his notice of appeal. See Vencor Hosps. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1312 (11th Cir. 2002) ("Crucial to the application of the unique circumstances doctrine is the occurrence of a judicial action upon which a party relies in failing to file a timely notice of appeal.  As a result, the mere failure of the district court clerk's office to serve Appellant with notice . . . does not constitute a judicial assurance or action sufficient to warrant relief under the unique circumstances doctrine."). We thus conclude that the district court did not abuse its discretion in denying Wright's motion to file a belated notice of appeal from the denial of his Rule 33 motion.

**MANDAMUS**

The issuance of a writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." United States v. Noriega, 917 F.2d 1543, 1546 n.3 (11th Cir. 1990) (quotation omitted). The party seeking mandamus bears the burden of demonstrating a "clear and indisputable right to issuance of the writ." Id.

We have exercised our supervisory powers to instruct district courts to resolve all claims for relief raised in a habeas corpus petition regardless of whether habeas relief is ultimately granted or denied. Clisby, 960 F.2d at 936. However, our holding in Clisby arose out of concern for the increasingly piecemeal nature of federal habeas corpus litigation, and its holding is limited by its own terms to habeas cases. Id. Clisby thus provides no basis for a writ of mandamus regarding the district court's failure to specifically address Wright's Rule 33 claim relating to government witness Williams.

## CONCLUSION

Upon review of the record and the parties' briefs, we find no reversible error. Accordingly, we affirm the district court's denial of Wright's motion for leave to file a belated appeal from the denial of his Rule 33 motion.

**AFFIRMED**.