[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14716
Non-Argument Calendar

_____

D. C. Docket No. 06-20741-CV-JLK

ANDRE LAVON GRANT,

Plaintiff-Appellant,

versus

MIAMI DADE COUNTY SCHOOL BOARD,
d.b.a. Miami-Dade County Public Schools,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 8, 2008)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

In this civil case, Andre Lavon Grant appeals the district court's order

denying his motion for reconsideration of its order granting summary judgment to the defendant, the Miami-Dade County School Board ("the Board"). After review, we affirm the district court's denial of Grant's motion for reconsideration.

## I. District Court's August 24, 2007 Summary Judgment Order

Following the Board's motion for summary judgment, the district court entered final judgment for the Board on August 24, 2007. On September 11, 2007, Grant filed a motion for reconsideration. On September 21, 2007, the district court denied Grant's motion for reconsideration as untimely because it was not filed within ten days after entry of judgment as required by Federal Rule of Civil Procedure 59(e). On October 5, 2007, Grant filed a notice of appeal "from the Order entered September 21, 2007."

Grant's brief on appeal argues the merits of his case, i.e., that the district court erred in its August 24, 2007 grant of summary judgment. However, Grant's October 5, 2007 notice of appeal was filed more than thirty days after the district court's order entering final judgment for the Board on August 24, 2007. See Fed. R. App. P. 4(a)(1)(A) (stating that notice of appeals in civil cases must be filed within thirty days of final judgment). Moreover, Grant's motion for reconsideration was filed more then ten days after the August 24, 2007 order and thus did not toll the time to appeal the August 24, 2007 order. See Fed. R. Civ. P.

59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."); Jackson v. Crosby, 375 F.3d 1291, 1295 (11th Cir. 2004) ("'Untimely motions under Rule[] 59 . . . will not toll the time for filing an appeal.'" (quoting Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996))).[1] And in any event, Grant did not designate the August 24, 2007 order as the order that he was appealing in his notice of appeal. See Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed."). Therefore, we lack jurisdiction to review the August 24, 2007 summary judgment order.

## II. District Court's September 21, 2007 Denial of Motion for Reconsideration

Grant's notice of appeal is timely only as to the district court's September 21, 2007 order denying as untimely the motion for reconsideration. However, on appeal, Grant does not contend that the district court erred in denying his motion for reconsideration as he argues only the merits of the August 24, 2007 order granting summary judgment to the defendant. Thus, Grant has waived any argument that the district court erred in denying his motion for reconsideration. See Flanigan's Enters. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (noting that a party waives an argument if the party "fail[s] to elaborate or provide

---

[1] Grant's motion for reconsideration does not cite a particular rule, but even if we construe it, in his favor, as a Rule 59 motion, it was not filed within the requisite ten days.

any citation of authority in support" of the argument).

## III.  Conclusion

Because Grant's notice of appeal is untimely as to the district court's August 24, 2007 order granting summary judgment, and because Grant has waived any challenge to the district court's September 21, 2007 order denying his motion for reconsideration as untimely (which is the only order as to which his notice of appeal is timely), we affirm.[2]

**AFFIRMED.**

---

[2]Grant, for the first time on appeal, argues that this Court should grant him relief from judgment because he has obtained new evidence in the case. Grant filed no motion in the district court and did not present the evidence to the district court. Grant's claim regarding new evidence is irrelevant to the question of whether the district court properly denied his motion for reconsideration as untimely, and further, we decline to consider arguments or evidence presented for the first time on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).