**In re: Darryl Lamont FRANKLIN, Petitioner.**

No. 09–3658.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Oct. 29, 2009.

Opinion filed: Nov. 17, 2009.

Darryl L. Franklin, Ray Brook, NY, pro se.

Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: FUENTES, JORDAN AND HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Darryl Lamont Franklin, a federal prisoner proceeding pro se, filed this mandamus petition pursuant to 28

U.S.C. § 1651(a), requesting, among other things, that we order the District Court to adjudicate petitioner's motion under Rule 59(e), and toll the time for appealing the District Court's judgment. For the reasons that follow, we will deny the petition.

## I.

Franklin is currently serving a 205-month sentence based on a conviction in the Eastern District of Pennsylvania for violating the Hobbs Act, see 18 U.S.C § 1951, and related offenses. On November 15, 2000, we affirmed the sentence and conviction. See United States v. Franklin, 248 F.3d 1131 (3d Cir.2000) (table). In 2002, Franklin filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. This motion was denied. Franklin subsequently filed a pro se motion to amend judgment which was denied on May 17, 2002. On May 15, 2003, we denied Franklin's request for a certificate of appealability.

On August 4, 2004, Franklin filed a pro se motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The District Court denied Franklin's motion without prejudice as a second or successive motion under 28 U.S.C. § 2255. On August 27, 2008, Franklin filed a pro se motion for "independent action" pursuant to Fed. R.Civ.P. 60(d)(3). In connection with the motion, Franklin also submitted several sets of interrogatories for defense counsel Glennis Clark and Assistant United States Attorney ("AUSA") Robert E. Goldman. The District Court denied the motion, and a second copy filed by Franklin, as improper attempts to assert successive § 2255 claims. On November 12, 2008, Franklin filed a pro se motion under Rule 59(e) that was denied as time-barred.[1] On January 20, 2009, Franklin filed a motion

to correct the record in connection with his Rule 59(e) motion that was denied as moot.

On September 22, 2009, Franklin filed the instant mandamus petition, seeking an order compelling the District Court to (1) file into the record interrogatories that were served upon AUSA Robert E. Goldman; (2) file into the record Franklin's "Motion to Correct the Record," and adjudicate his Rule 59(e) motion; (3) toll his time to file an appeal under Fed. R.App. P. 4(a)(4)(A)(iv); and (4) send him a courtesy copy of the record or docket entry of all motions and interrogatories that have been filed and served upon AUSA Robert E. Goldman.

## II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). As a precondition to the issuance of the writ, the petitioner must establish that the writ will not be used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is "clear and indisputable." Id.; see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005); Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). Franklin's petition does not meet these strict requirements.

At the outset we note that Franklin's requests that we compel the District Court to docket Franklin's motion and interrogatories and rule on his Rule 59(e) motion are moot. The interrogatories directed to AUSA Goldman were filed in the District Court on October 3, 2008 (docket entry

---

1. The District Court also ordered that, to the extent the pleading could be construed as a renewed motion under Rule 60(d)(3), it was denied.

102); Franklin's motion to correct was filed on January 20, 2009 (docket entry 111) and dismissed as moot on January 29, 2009; and Franklin's motion pursuant to Rule 59(e) (docket entry 109),[2] was considered by the District Court and denied on December 8, 2008.

With respect to Franklin's request for a courtesy copy of the docket, there is no indication that Franklin has ever sought or been denied such relief from the District Court or any other source. Mandamus is intended to provide a remedy for a party only if "there are no other adequate means of relief and the right to the writ is clear and indisputable." *First Jersey Sec., Inc. v. Bergen,* 605 F.2d 690, 700 (3d Cir.1979); *Kerr,* 426 U.S. 394, at 403, 96 S.Ct. 2119. Because Franklin has other potential avenues of relief available to him, he has not met the strict standards for mandamus relief.

Finally, as to Franklin's request for an order directing the District Court to toll his time to file an appeal under Fed. R.App. P. 4(a)(4)(A)(iv), he has failed to make a request redressable on a mandamus petition. It is not the District Court's role or responsibility to determine whether a petitioner is entitled to tolling under Fed. R.App. P. 4(a)(4)(A)(iv). *See, e.g., Jackson v. Crosby,* 375 F.3d 1291, 1295 (11th Cir.2004) (noting that when a timely Rule 59(e) motion has been filed, tolling under Fed. R.App. P. 4(a)(4) is automatic). Therefore, mandamus can not be used to compel the District Court to toll the time for Franklin to file an appeal. Furthermore, Franklin has made no argument

with respect to the timeliness of any appeal, nor is it even clear from the petition which order of the District Court Franklin is seeking to appeal.[3]

Thus, we find no basis for granting Franklin's petition for writ of mandamus. Franklin's mandamus petition will be denied.

---

**2.** Although the text of docket entry 109 reads "(Pro se) Motion to Alter or Amend 60 Judgment," the document filed is Franklin's motion to alter or amend judgment pursuant to Rule 59(e).

**3.** If Franklin is alleging that he did not receive a decision in time to file an appeal, any

remedy would be pursuant to Fed. R.App. P. 4(a)(6). Franklin has not moved for such relief in the District Court and it appears that the time for making such a request expired several months before Franklin flied his mandamus petition.