[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13925
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01975-JSM-AEP

MORRIS J. PEAVEY, JR.,
ESTATE OF VICTORIA INGRAM,
probate never filed,
a.k.a. Estate of Victoria,

                                                    Plaintiffs - Appellants,

MAMIE A. HORNE,

                                                    Plaintiff,

                          versus

SCOTT BLACK,
Mayor of City of Dade City,
KARLA OWENS,
Attorney and Development Director
of City of Dade City Florida,
GEORGE ROGMANOLI,
Director of Pasco County Pasco County Community Development, Inc.,
SECRETARY, US DEPARTMENT OF TREASURY,
CITY OF DADE CITY, FLORIDA,
PASCO COUNTY,
U.S. ATTORNEY GENERAL,

a.k.a. United States of America,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Morris J. Peavey, Jr., Mamie A. Horne, and the Estate of Victoria Ingram (collectively, Peavey), proceeding pro se, appeal the district court's dismissal of their civil rights complaint for failure to comply with the pleading standards of Federal Rule of Civil Procedure 8(a). The defendants contend that Peavey's notice of appeal was untimely filed, and therefore, we lack jurisdiction to review the appeal.

I.

Peavey filed a complaint against Dade City, Florida, its mayor and another official, Pasco County, its director and community development division, and Treasury Secretary Timothy Geithner, alleging some sort of conspiracy starting in

the 1970s that involved racial discrimination, spot zoning, Takings Clause violations, fraud, retaliation, harassment, and housing rights offenses. The defendants filed motions to dismiss; the district court granted those motions but allowed Peavey to amend his complaint. Even under the liberal pro se pleading standards, the district court found that the "indecipherable" complaint violated Rule 8(a) because it was "virtually impossible to determine which claims [Peavey] attempt[s] to bring against each defendant."

Peavey filed his first amended complaint, making many of the same allegations as in the original complaint and adding a new defendant: Attorney General Eric Holder. The defendants again moved to dismiss the complaint. The district court granted those motions for failure to comply with Rule 8(a) because the amended complaint's "claims [were] intermingled and the facts alleged [were] unintelligible," and it remained unclear "what claims [were] alleged against each defendant." Also per Rule 8(a), the district court ruled that the first amended complaint did not state the grounds for the court's subject matter jurisdiction over Geithner or Holder, who are protected by sovereign immunity. The court's order allowed Peavey to amend his complaint a second time.

Peavey then filed a second amended complaint, which dropped Holder as a defendant. The defendants filed motions to dismiss, and the district court granted

3

the motions outlining the same deficiencies that it set forth in its second order of dismissal. The district court's order, however, did not grant Peavey leave to amend his complaint for a third time.

Peavey filed a notice of appeal 65 days after that order. This is that appeal.

## II.

"The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Green v. Drug Enforcement Admin., 606 F.3d 1296, 1300 (11th Cir. 2010) (quotation marks and alteration omitted). Generally, where a United States agency is a party to a lawsuit, a notice of appeal must be filed within 60 days after the entry of the order or judgment being appealed. Id. (citing Fed. R. App. P. 4(a)(1)(B)(ii)). The rule is different, however, in the case of an involuntary dismissal order where the district court's judgment must be set forth in a separate document, see Fed. R. App. P. 58(a). In that situation, the court's judgment is not deemed "entered" until either (1) the judgment is set out in a separate document, or (2) 150 days have run from the entry of the order in the civil docket, whichever is earlier. See Fed. R. App. P. 4(a)(7)(A)(ii); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 843 (11th Cir. 2008). Because the district court did not set forth its judgment in a separate document, Peavey had 150

4

days after the final order was entered in the civil docket to file his appeal. He did so in 65 days, so his appeal was timely.

III.

Turning to the merits, "[w]e review for abuse of discretion a district court's dismissal for failure to comply with the rules of [the] court." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "And although we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010). A "shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty.

5

Coll., 77 F.3d 364, 366–67 (11th Cir. 1996). We have often criticized this kind of complaint because:

> Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways. The district court, faced with a crowded docket and whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials. It is therefore left to this court to sort out on appeal the meritorious issues from the unmeritorious ones, resulting in a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010) (alteration, citation, and quotation marks omitted).

The district court did not abuse its discretion in dismissing, without leave to amend, Peavey's second amended complaint for his third failure to comply with Rule 8(a). The district court's orders twice instructed Peavey how to file properly an amended complaint that conformed to Rule 8(a). Yet Peavey's second amended complaint still was unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for the defendants to know what Peavey is claiming, against whom, and on what grounds. Peavey also failed to identify any basis for the court's exercise of subject matter jurisdiction over Geithner.

The district court did not abuse its discretion in ruling that after three strikes

Peavey was out.[1]

**AFFIRMED.**

---

[1]In light of our ruling, Peavey's motion to compel discovery for summary judgment filed with this Court and the other issues he raises in his appeal are moot. See Harrell v. The Fla. Bar, 608 F.3d 1241, 1265 (11th Cir. 2010).