[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13308
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cv-80021-RNS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

IMPERIALI, INC., et al.,

Defendants,

DANIEL IMPERATO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2021)

Before NEWSOM, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Daniel Imperato, proceeding pro se, appeals the district court's imposition of a prefiling injunction and denial of various post-judgment motions seeking to vacate an amended judgment granting summary judgment in favor of the Securities and Exchange Commission ("SEC") in the SEC's civil enforcement action and ordering disgorgement of profits. The SEC, in turn, has moved for summary affirmance. After careful review, we GRANT the SEC's motion for summary affirmance and DENY Imperato's motions objecting to summary affirmance, for oral argument, and to vacate all orders and judgments.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court generally are binding in all subsequent proceedings in the same case in the trial court or on a later appeal unless there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision would

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

cause manifest injustice because it is clearly erroneous.  Stout by Stout v. Jefferson Bd. of Educ., 882 F.3d 988, 1014 (11th Cir. 2018).  The law-of-the-case doctrine also applies to lower court rulings that were not challenged on a first appeal.  See United States v. Stein, 964 F.3d 1313, 1324–25 (11th Cir. 2020) ("A legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (quotation marks and brackets omitted)).

A notice of appeal in a civil case must be filed within 30 days after the order appealed from is entered.  Fed. R. App. P. 4(a)(1).  The timely filing of a notice of appeal in civil cases is a mandatory prerequisite to the exercise of appellate jurisdiction.  Green v. Drug Enf't Admin., 606 F.3d 1296, 1300–02 (11th Cir. 2010).

Here, Imperato appears to be challenging the district court's grant of summary judgment in favor of the SEC, instead of the order imposing a prefiling injunction, from which he filed a notice of appeal.  Indeed, the main subjects of his arguments on appeal are the underlying summary judgment order and the associated disgorgement award.[2]  However, those judgments already have been fully litigated

---

[2] In any event, to the extent Imperato intended to challenge the district court's order imposing a prefiling injunction, he abandoned that challenge by not "plainly and prominently" raising any claims concerning the injunction in his brief.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

and we affirmed them, so his appeal is barred by the law-of-the-case doctrine. See

Stout, 882 F.3d at 1014 (holding that conclusions of law by an appellate court are

binding in all subsequent proceedings in the same case on a later appeal). Moreover,

several of the arguments Imperato seeks to raise in this appeal were rejected by the

district court in post-judgment proceedings that Imperato failed to appeal. Because

nothing prevented Imperato from appealing those orders or raising those claims in

his prior appeals, the law-of-the-case doctrine also applies to these previously

unraised arguments. See Stein, 964 F.3d at 1324–25 (stating that legal decisions by

the district court that are unchallenged in a subsequent appeal become the law of the

case for future stages of the same litigation).

As for Imperato's argument that we erred in holding that he had waived his

statute of limitations argument based on Kokesh v. Sec. & Exch. Comm'n, 137 S.

Ct. 1635 (2017), we properly found in his 2019 appeal that we lacked jurisdiction to

consider his Kokesh argument. As we previously held, Imperato failed to appeal

this argument -- that Kokesh should be applied retroactively -- when the district court

denied his motion in 2017, and the 30-day deadline for him to appeal that order has

long passed. See Fed. R. App. P. 4(a)(1); Green, 606 F.3d at 1300–02. We similarly

lack jurisdiction to consider Imperato's argument that audits by the Internal Revenue

Service ("IRS") prove that he did not obtain any ill-gotten gains and no legitimate

business expenses were removed because he failed to appeal that issue when the

4

district court denied his motion in 2018, and the 30-day deadline for him to appeal that order has also passed. See Fed. R. App. P. 4(a)(1); Green, 606 F.3d at 1300–02. Regardless, both his arguments based on Kokesh and based on the IRS audits are also foreclosed by the law-of-the-case doctrine. See Stout, 882 F.3d at 1014; Stein, 964 F.3d at 1324–25. And Imperato's citation to Liu v. Sec. & Exch. Comm'n, 140 S. Ct. 1936 (2020), as justification for revisiting the disgorgement award based on the IRS audits does not remove that issue from the law-of-the-case doctrine's bar. As we've explained, Imperato waived the right to challenge the district court's decision concerning the IRS audits by failing to appeal that order. Stein, 964 F.3d at 1324–25.

Imperato also argues that the SEC's July 1, 2019, order is new evidence that compels vacatur. However, this evidence is not new. Imperato presented a substantially similar claim in his 2019 appeal, which we rejected when we concluded that the appeal was frivolous and granted the SEC's motion for summary affirmance. See Stout, 882 F.3d at 1014; Sec. & Exch. Comm'n v. Imperato, 779 F. App'x 712, 713 (11th Cir. 2019) (unpublished).

In short, Imperato has not provided any new evidence, pointed to any changes in intervening law that would dictate a different result, nor shown that any of our or the district court's relevant prior decisions were clearly erroneous. See Stout, 882 F.3d at 1014. Thus, Imperato's appeal is frivolous, and there is no substantial

question as to the outcome of the case.  See Groendyke Transp., 406 F.2d at 1162.

Accordingly, the SEC's motion for summary affirmance is GRANTED and

Imperato's motions objecting to summary affirmance, for oral argument, and to

vacate all orders and judgments are DENIED.