[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15334

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00416-CV-A-N

MICHAEL JOE GREEN,
JOHNNY JAMES BROWN,
ALETHA JOHNSON,

                                        Plaintiffs-Appellants,

versus

DRUG ENFORCEMENT ADMINISTRATION,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

Before TJOFLAT, EDMONDSON and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

Michael Green, Johnny Brown, and Aletha Johnson (collectively "Green")

appeal the district court's order granting the Drug Enforcement Administration's (the "DEA") motion to dismiss their claim that the DEA lacked jurisdiction over property the DEA seized and then forfeited to the United States in a civil administrative forfeiture proceeding. We dismiss the appeal for lack of jurisdiction, as it was untimely filed.

I.

During a traffic stop on December 6, 2006 in Montgomery, Alabama, Montgomery Police Department officers seized $32,353 from the stopped car based on probable cause that the money was furnished or intended to be furnished for the purchase of illegal drugs.[1] On December 29, 2006, Green brought suit against the City of Montgomery in the Circuit Court of Montgomery County, claiming ownership of the seized money and seeking its return. Meanwhile, DEA commenced an in rem civil administrative forfeiture proceeding, and gave Green notice of the proceeding and of his right to file a claim to the money.

Green chose not to file a claim; instead, he sued the DEA in the United States District Court for the Middle District of Alabama, seeking an order staying the forfeiture proceeding and returning the money on the ground that the DEA lacked jurisdiction over the money due to the lawsuit pending in the Montgomery

_____

[1] Although the officers smelled marijuana when they first approached the car, no arrests were made.

2

County Circuit Court. The DEA moved the court to dismiss Green's complaint on the ground that challenging the agency's jurisdiction over the money was a challenge to the merits of the administrative proceeding, which federal courts lacked jurisdiction to review. The district court granted the DEA's motion and entered judgment for the DEA the same day, August 17, 2007.

Ten days later, on August 27, Green moved the district court for a seven-day extension of time to file a motion for reconsideration. The court granted the motion on August 29. Green filed his motion for reconsideration on September 6, and the district court denied it in an order entered on September 10. Green filed his notice of appeal on November 7, 2007.

## II.

Green's post-judgment motions created the jurisdictional defect that prevents us from reaching the merits of this case: Green filed his motion for reconsideration out of time; thus, the motion failed to toll the time for filing a notice of appeal. Consequently, the notice of appeal was untimely.

### A.

Before we can properly address the jurisdictional issue in this case, we must resolve two ambiguities created by inartful drafting in Green's motion for reconsideration and notice of appeal. First, the document Green filed in the district

3

court on September 6 was styled a "Motion to Reconsider," but did not specify the Federal Rule of Civil Procedure pursuant to which it was made. "The reports are filled with cases in which litigants filed post-judgment motions to 'reconsider' . . . . The lower courts have almost without exception treated these as [Federal] Rule [of Civil Procedure] 59 motions, regardless of their label." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 68, 103 S. Ct. 400, 407, 74 L. Ed. 2d 225 (1982) (per curiam) (Marshall, J., dissenting). The commentators agree: "Rule 59(e) . . . include[s] motions for reconsideration." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). In addition, both parties analyzed the motion to reconsider as a Rule 59(e) motion in their responses to a jurisdictional question posed by this court. Accordingly, the "Motion to Reconsider" filed on September 6 is best construed as a Rule 59(e) motion to alter or amend judgment.

Second, Green's notice of appeal indicated that he was appealing "the order . . . granting the defendant's motion to dismiss for lack of jurisdiction, on September 10, 2007," but no such order issued on that date. The order granting the DEA's motion to dismiss was entered on August 17. The September 10 motion merely denied Green's motion for reconsideration. When it is abundantly clear that the party intended to appeal an order not explicitly referenced in the notice of appeal,

4

we will consider that order.  See KH Outdoor, LLC v. City of Trussville, 465 F.3d

1256, 1260 (11th Cir. 2006).  Here, both parties' briefs on appeal focus almost

exclusively on the merits of the motion to dismiss granted in the August 17 order,

not the September 10 order denying reconsideration.  Furthermore, in response to

our jurisdictional question, both parties asserted that the notice of appeal was

actually appealing the August 17 order.  We construe the notice of appeal

accordingly.  Having clarified Green's filings, we turn to the jurisdictional

problem.

## B.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional

requirement."  Bowles v. Russell, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366, 168 L.

Ed. 2d 96 (2007).  When a United States agency is a party to a suit, the notice of

appeal must be filed within sixty days after the entry of the judgment or order

being appealed.  Fed. R. App. P. 4(a)(1)(B).[2]  This period begins running the day

---

[2] The Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure have been amended since this appeal was taken.  The amended versions took effect on December 1, 2009.  In its order amending the Federal Rules of Appellate Procedure, the Supreme Court instructed that the amendments "shall govern in all proceedings in appellate cases . . . commenced [after the effective date] and, insofar as just and practicable, all proceedings then pending."  Order of the Supreme Court of the United States Amending the Federal Rules of Appellate Procedure (March 26, 2009).  Because the changes made by the 2009 amendments to the Federal Rules of Appellate Procedure do not affect this appeal in any material way, we cite to and quote from the amended rules.  The Supreme Court included similar language in its order amending the Federal Rules of Civil Procedure, but those rules took effect well after the district court proceedings in this case had concluded and Green had begun prosecuting his appeal.  We

after the order being appealed is entered and includes weekends and holidays. See Fed. R. App. P. 26(a)(1). A timely filed Rule 59(e) motion to alter or amend a judgment (among other motions) tolls the time limit in which to appeal. Fed. R. App. P. 4(a)(4)(A).

A party must file a motion to alter or amend a judgment no later than ten days after the judgment at issue is entered. Fed. R. Civ. P. 59(e) (2007). Because this period is less than eleven days, it begins running the day after the judgment is entered and does not include Saturdays, Sundays, or holidays. Fed. R. Civ. P. 6(a)(1) (2007). To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2).

Because Rule 6(b)(2) prohibits extending the time to file a Rule 59(e) motion, the district court's grant of Green's motion for extension of time to file his motion for reconsideration did nothing to toll the time in which he had to file his Rule 59(e) motion. Accordingly, Green had ten days (not including weekends or holidays) from the entry of the August 17 judgment—that is, until August 31—in which to file his motion for reconsideration. He actually filed his motion for

---

apply the Federal Rules of Civil Procedure as they stood when the district court proceedings concluded in 2007; accordingly, all references to the Federal Rules of Civil Procedure in the text are to the 2007 version unless otherwise indicated.

For clarity, we use the term "Appellate Rule" to refer to a Federal Rule of Appellate Procedure and the term "Rule" to refer to a Federal Rule of Civil Procedure in the text.

reconsideration on September 6, which was untimely. "Untimely motions under Rules 59 and 60 will not toll the time for filing an appeal." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996) (per curiam). Therefore, Green's sixty-day window in which to appeal began to run on August 18, the day after the August 17 judgment was entered. That window closed on October 16, but Green did not file his notice of appeal until November 7, eighty-one days after the window to appeal opened.

The Supreme Court's recent decisions in Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004), Eberhart v. United States, 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (per curiam), and Bowles do not alter our disposition. In Kontrick, which involved a Chapter 7 bankruptcy proceeding, a creditor filed a complaint objecting to the debtor's discharge. The complaint was filed beyond the sixty-day window provided for in Bankruptcy Rule 4004(a) and without receiving an extension of time as provided in Bankruptcy Rule 9006(b). Kontrick, 540 U.S. at 446–48, 124 S. Ct. at 910–11. The Supreme Court observed that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." Id. at 452, 124 S. Ct. at 914. The bankruptcy time limit was judicially created; it was not based on a corresponding statutory time limit. Thus, it was merely a claim-processing rule and could not be jurisdictional in nature. Id.

7

at 453–54, 124 S. Ct. at 914–15.  Moreover, because claim-processing rules are not jurisdictional, such rules, "even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point."  Id. at 456, 124 S. Ct. at 916.

In Eberhart, the Supreme Court applied the same reasoning to a criminal defendant's untimely but unobjected-to motion for a new trial under Federal Rule of Criminal Procedure 33, holding that the time limit to file a Criminal Rule 33 motion—and the corresponding limit on a district court's ability to extend that time limit found in Federal Rule of Criminal Procedure 45—were not jurisdictional, but rather were claim-processing rules.  Eberhart, 546 U.S. at 15–16, 126 S. Ct. at 405–06.  The Court noted that "Federal Rule of Criminal Procedure 45(b) and Bankruptcy Rule 9006(b) are both 'modeled on Federal Rule of Civil Procedure 6(b).'"  Id. at 19, 126 S. Ct. at 407 (quoting Kontrick, 540 U.S. at 456 n.10, 124 S. Ct. at 916 n.10).

In Bowles, though, the Supreme Court reconfirmed the jurisdictional nature of the thirty- and sixty-day time windows for filing a notice of appeal in a civil case, found in Appellate Rule 4(a).  The time limits in Appellate Rule 4(a) are based on the statutory time limits for filing a notice of appeal found in 28 U.S.C. § 2107, distinguishing them from the claim-processing rules at issue in Kontrick and

8

Eberhart.  See Bowles, 551 U.S. at 208, 127 S. Ct. at 2363.  And because the time limit for filing a notice of appeal is jurisdictional, a party "cannot rely on forfeiture or waiver to excuse his lack of compliance with the statute's time limitations."  Id. at 213, 127 S. Ct. at 2366.  Therefore, the time limit to file a notice of appeal is jurisdictional, and we may not entertain an appeal that is out of time; nor can a party waive or forfeit an objection to our jurisdiction.

Appellate Rule 4(a) provides numerous ways to toll or extend the time in which to file an appeal.  A party can move the district court to grant an extension of time to file the notice of appeal under Appellate Rule 4(a)(5).  A party who does not properly receive notice of an entry of judgment may move the district court to reopen the time to file an appeal under Appellate Rule 4(a)(6).  Moreover, under Appellate Rule 4(a)(4)(A), the time limit to file a notice of appeal is tolled when any party files in the district court one of several motions under the Federal Rules of Civil Procedure—a motion for judgment under Rule 50(b), a motion to amend or make additional factual findings under Rule 52(b), some motions for attorney's fees under Rule 54, a motion to alter or amend the judgment or for a new trial under Rule 59, or a certain motions for relief from the judgment under Rule 60—but Appellate Rule 4(a)(4)(A) requires that these motions be timely to toll the period for filing a notice of appeal.  Fed. R. App. P. 4(a)(4) ("If a party timely files

9

in the district court any of the following motions . . . the time to file an appeal runs

for all parties from the entry of the order disposing of the last such remaining

motion . . . .") (emphasis added).  Appellate Rule 4(a) thus clearly requires that a

Rule 59(e) motion to reconsider be timely to toll the time limit for filing a notice of

appeal.

Although <u>Kontrick</u> and <u>Eberhart</u> suggest that a district court has jurisdiction

to hear an out-of-time Rule 59(e) motion if the non-moving party does not object

promptly enough (and thus forfeits his ability to object to timeliness later),[3] neither

case would turn an untimely Rule 59(e) motion into a timely one.  In short, these

cases say nothing about appellate procedure and the jurisdictional elements of

Appellate Rule 4(a).  Given that the appellants appeal the August 17 judgment, not

the September 20 order denying the Rule 59(e) motion, our sole concern is whether

Green's Rule 59(e) motion tolled the time limit for filing a notice of appeal of the

August 17 judgment, not whether the district court could hear the Rule 59(e)

motion despite its untimeliness.  Because Appellate Rule 4(a), which enforces a

jurisdictional time limit, is tolled only by timely motions, and because Green's

Rule 59(e) motion was not timely, the motion did not toll the time limit for filing

an appeal.  Nor did Green take any of the other steps to extend his time to appeal as

---

[3] Despite these observations, we need not and do not comment on these cases' effect (if any) on a district court's jurisdiction to entertain an untimely Rule 59(e) motion.

10

permitted by Appellate Rule 4(a). We thus lack jurisdiction over this appeal.

In fact, circuit precedent squarely dictates that we dismiss Green's appeal as untimely. In <u>Jackson v. Crosby</u>, 375 F.3d 1291 (11th Cir. 2004), we considered a nearly identical situation in a capital habeas corpus case and reached the same result.[4] In <u>Jackson</u>, the district court entered final judgment on December 15, 2003, but Jackson did not file his Rule 59(e) motion until January 5, 2004, because his counsel had contacted someone in the district court clerk's office who informed him that a motion filed on January 5 would be timely. No party objected that the motion was untimely, and the district court denied the motion on the merits on January 29, 2004. Jackson filed his notice of appeal on February 27, 2004. We held that Jackson's Rule 59(e) motion was "untimely and did not toll the time for filing a notice of appeal from the December 15 judgment." <u>Id.</u> at 1296. Jackson's notice of appeal was thus due thirty days after the December 15 judgment, which was January 14, 2004,[5] so his February 27 notice of appeal was untimely and due to be dismissed. The result in the case at bar is no different.

### III.

In sum, Green had ten days (not including weekends or holidays)—and only

---

[4] <u>Jackson</u> was decided after <u>Kontrick</u>, and <u>Eberhart</u> would not have changed the outcome for reasons we have already explained.

[5] Because the United States or one of its officers or agencies was not a party, Jackson faced a 30-day window in which to file his notice of appeal. See <u>Jackson</u>, 375 F.3d at 1295.

11

those ten days—to file a timely Rule 59(e) motion regarding the district court's August 17 judgment, and the district court was powerless to grant him more time. His eventual motion to reconsider was untimely, so that motion did not toll the period of time for him to appeal the August 17 judgment. Green thus had a sixty-day window in which to appeal the August 17 order, which began to run August 18. Because he took none of the steps outlined in Appellate Rule 4(a) to extend the time, his eventual notice of appeal was untimely. Green's appeal of the August 17, 2007 judgment dismissing his claims against the DEA is therefore

DISMISSED.

EDMONDSON, Circuit Judge, concurs in result.