[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-11062
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80021-RNS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

DANIEL IMPERATO,
IMPERIALI, INC.,
CHARLES FISCINA,
LAWRENCE A O'DONNELL,

Defendants-Appellants.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 11, 2019)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Daniel Imperato appeals the district court's denial of three post-judgment

motions seeking to vacate an amended judgment granting summary judgment to the

Securities and Exchange Commission ("SEC") in favor of its civil enforcement action and ordering disgorgement of profits.  On appeal, Imperato argues that the district court's entry of summary judgment and its disgorgement order violated his Fifth and Seventh Amendment rights.  Imperato has moved for summary reversal. The SEC has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is without arguable merit either in law or fact.  *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal unless there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision would cause manifest injustice because it is clearly erroneous.  *Stout by Stout v. Jefferson Bd. of Educ.*, 882 F.3d 988, 1014 (11th Cir. 2018).

2

A notice of appeal in a civil case must be filed within 30 days after the order appealed from is entered. Fed. R. App. P. 4(a)(1). The timely filing of a notice of appeal in civil cases is a mandatory prerequisite to the exercise of appellate jurisdiction. *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010).

Imperato does not appear to challenge the district court's denial of his motions to vacate the judgment but, rather, appears to be challenging the district court's grant of summary judgment in favor of the SEC. Because that judgment has been fully litigated and we affirmed it, his appeal is barred by the law-of-the-case doctrine. *See Stout*, 882 F.3d at 1014. Imperato has not provided any new evidence or pointed to any changes in intervening law that would dictate a different result, nor is our prior decision clearly erroneous. *See id.* Further, we lack jurisdiction to consider Imperato's argument that *Kokesh v. Sec. & Exch. Comm'n*, 137 S. Ct. 1635 (2017), should be applied retroactively because he failed to appeal when the district court denied his motion raising that issue in 2017, and the 30-day deadline for him to appeal that order has passed. *See* Fed. R. App. P. 4(a)(1); *Green*, 606 F.3d at 1300-02.

Thus, Imperato's appeal is frivolous and there is no substantial question as to the outcome of the case. *See Davis*, 406 F.2d at 1162. Accordingly, Imperato's motion for summary reversal is DENIED, the SEC's motion for summary affirmance

3

is GRANTED, and the SEC's motion to stay the briefing schedule is DENIED as moot.