[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12770
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-22649-MGC

ROBERT D. FLOYD,

Petitioner - Appellant,

versus

SALLIE MAE, INC., and
JOHN DOE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Robert Floyd appeals from the district court's entry of judgment in favor of

Navient Solutions, LLC ("Navient") for telephone calls that Floyd alleged violated

the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Though the district court awarded Floyd statutory damages for certain phone calls, Floyd argues he was entitled to additional recovery for other calls he says were placed. However, because this Court lacks jurisdiction over the appeal, we must dismiss it.

**I**

Navient is one of the nation's largest student loan servicers.[1] It uses "Dial Now" telephone technology to call its customers about their student loan accounts. Floyd was never a customer of Navient, but his mobile phone provider assigned him a phone number that previously belonged to a Navient student loan account customer. Navient regularly called Floyd's number, even after it had been reassigned to him.

In 2012, Floyd sued, alleging that Navient placed "over 100 pre-recorded messages on [his] cellular telephone during 2011 and 2012." The TCPA prohibits people from making any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). In discovery, Floyd obtained records indicating that only 28 calls were placed to his number. Navient moved for summary judgment and sought dismissal of the complaint. On

---

[1] Sallie Mae, Inc. changed its name to Navient Solutions, Inc. in 2014 following a corporate reorganization. We refer to the appellee as "Navient."

2

December 27, 2018, the district court granted in part Navient's summary judgment motion and entered judgment to Navient on all but 28 phone calls. As to those 28 calls, which were "supported by the documentary evidence," the court concluded that Navient "violated the TCPA" and that "Floyd may recover $500 for each of those violations."

The district court separately entered final judgment "in favor of Defendants and against Plaintiff" on December 19, 2019. Later recognizing that its final judgment order had "inadvertently failed to grant to Plaintiff[] the amount for which the Court held the Defendants liable," the district court entered an amended final judgment on June 24, 2020. The amended final judgment order stated that "Plaintiff is awarded statutory damages in the amount of $14,000." Floyd filed a notice of appeal 30 days later, on July 24, 2020.

On appeal, Navient argues that Floyd's appeal is untimely and must be dismissed. It says the time to appeal began to run from the district court's entry of its summary judgment order on December 27, 2018, and not from the entry of the amended final judgment on June 24, 2020. Floyd disagrees. We now address the question of our jurisdiction.

## II

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and this Court cannot entertain an appeal that is out of time. See

3

Green v. Drug Enf't Admin., 606 F.3d 1296, 1300–02 (11th Cir. 2010).  A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

### III

We conclude the time to appeal began to run from the district court's summary judgment order entered on December 27, 2018, and not from the amended final judgment entered on June 24, 2020.  Floyd's arguments to the contrary are unpersuasive.  We consider them in turn.

Floyd argues that the summary judgment order was not a final appealable order because it was only a "partial" decision.  But the summary judgment order was a final appealable order because it resolved all questions of liability and stated the calculation of damages.  A review of the record demonstrates this.  Navient moved for an "entry of an order dismissing this action and entering judgment in favor of [Navient] on the claims asserted by [Floyd]."  Floyd opposed this motion and, in his opposition, noted that Navient produced records showing that it placed 28 calls to his phone.  The district court concluded there was no dispute that Navient violated the TCPA with respect to 28 phone calls and that Floyd may recover $500 for each of those violations.  However, it granted partial summary judgment to Navient on the remainder of the calls.  The court thus ruled on the scope of Navient's liability, granting summary judgment in part to Navient and in

4

part to Floyd,[2] and set forth its calculation of damages. The summary judgment order entered on December 27, 2018 was an appealable final order.

Floyd next says that the summary judgment order was not appealable because the district court "le[ft] the determination of damages to future proceedings." Circuit precedent dictates otherwise.

The "final judgment rule does not require district courts to calculate the precise amount of damages in every case." S.E.C. v. Carrillo, 325 F.3d 1268, 1272 (11th Cir. 2003) (per curiam). "This is true even though it might appear that the district court still has something left to do that goes beyond executing the judgment." Id. For instance, in Turner v. Orr, 759 F.2d 817 (11th Cir. 1985), this Court concluded that the district court's failure to calculate the precise amount of back pay did not affect the finality of the court's judgment awarding such pay. Id. at 820. Instead, we recognized that "the calculation that was required to determine the amount of back pay was 'purely ministerial in nature' and required only 'a simple arithmetic calculation.'" Carrillo, 325 F.3d at 1272 (quoting Turner, 759 F.2d at 820). As such, it was of no moment in Turner that the district court had yet

---

[2] When a party moves for summary judgment, a court may sua sponte grant summary judgment in favor of the non-moving party, if the non-moving party is on notice of the issues to be ruled upon and if the non-movant is entitled to summary judgment as a matter of law. Burton v. City of Belle Glade, 178 F.3d 1175, 1203 (11th Cir. 1999); Bosarge v. U.S. Dep't. of Educ., 5 F.3d 1414, 1416 n.4 (11th Cir. 1993).

5

to enter an order with the damages fully calculated.  The arithmetic was clear, making the judgment awarding back pay final for the purposes of appeal.

The same is true here.  The district court concluded that Navient violated the TCPA, that 28 calls were supported by the documentary evidence, and that Floyd could recover $500 for each of those violations.  It was clear from the summary judgment order that the district court "found Defendants were liable to the Plaintiff for 28 calls and that Plaintiff may recover $500 for each of those violations."  R. Doc. 148 (describing summary judgment findings in order granting motion to amend the final judgment).  Having adjudicated liability, the court only had to compute damages.  And the computation of damages was straightforward: $500 x 28 = $14,000.  The district court's entry of the amended final judgment, which stated that "Plaintiff is awarded statutory damages in the amount of $14,000," reflected that simple calculation.  As such, "the court's failure to conduct the ministerial act of calculating [damages] did not prevent the court's order from constituting an appealable final decision under § 1291."  Carrillo, 325 F.3d at 1272.[3]  The summary judgment order was a final appealable order.  See id.; Turner, 759 F.2d at 820.

_____

[3] Consider, by contrast, the circumstance confronted in Carrillo, where this Court found that a district court order was not an appealable final judgment under 28 U.S.C. § 1291.  There, the district court order awarded "prejudgment interest," but failed to "specify[] the prejudgment interest rate or the date from which interest accrue[d]."  325 F.3d at 1274.  As such, the calculation method remained to be determined—and could itself be subject to dispute and further

Thus the question of our jurisdiction is resolved.  The summary judgment order was entered on December 27, 2018.  Floyd's notice of appeal, filed on July 24, 2020, was untimely.  See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  We dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

---

appeal—which could have resulted in "piecemeal appellate review." Id. at 1273.  No such risk was present here, however, where the district court spelled out the calculation of damages.