[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12526

Non-Argument Calendar

————————————————

BENJAMIN D. LOLLIS,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-03768-TCB

————————————————

Before JILL PRYOR, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Benjamin Lollis, proceeding *pro se*, appeals the district court's October 1, 2019, final order and judgment. The statutory time limit required Lollis to file a notice of appeal on or before November 6, 2019, 30 days after the district court denied his motion to reconsider. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). However, Lollis did not file his notice of appeal until August 1, 2023.

Additionally, there is no basis for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) because Lollis did not move for relief under either Rule until almost four years after the entry of judgment. *See* Fed. R. App. P. 4(a)(5), (6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.