[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12937

Non-Argument Calendar

_____

WILLIAM T. WALKER,

Plaintiff-Appellant,

*versus*

ALABAMA DEPARTMENT OF CORRECTIONS,

Defendant,

CORIZON, LLC,
JEFFERSON DUNN,
WARDEN,
SCOTT BELL,
M.D.,
MICHAEL BOROWICZ,

M.D., et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01176-CLM-NAD

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The statutory time limit required William Walker to file a notice of appeal from the district court's August 29, 2022 judgment by December 14, 2022, which was 30 days after the district court disposed of Walker's motion challenging the judgment under Federal Rule of Civil Procedure 59(e). *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (4)(A). However, Walker did not file his notice of appeal until August 29, 2023. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Additionally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296,

23-12937                 Opinion of the Court                         3

1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.