[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12091

Non-Argument Calendar

_____

GLEN DALE SPIVEY,

Plaintiff-Appellant,

*versus*

LEONARD SCHIOFMAN,
DHD Optometrist,
ISAAC MOORE,
Ophthalmologist,
C. E. RICHARDSON,
Medical Doctor Chief Health Officer,
R. VIVAS,
Medical Doctor Chief Health Officer,
JOHN A. BENEKE,

2                    Opinion of the Court                    23-12091

Medical Doctor Ophthalmologist, et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00018-WS-MAF

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte,* for lack of jurisdiction. Liberally construing his notice of appeal, Glen Spivey appeals the district court's March 20, 2023 order adopting the magistrate judge's report and recommendation ("R&R") and denying his first motion for reconsideration and the May 12, 2023 order denying his construed motion for reconsideration of the March 20 order. Under the prison mailbox rule, his notice of appeal is deemed filed on June 13, 2023. *See* Fed. R. App. P. 4(c).

The statutory time limit required Glen Spivey to file a notice of appeal from the March 20, 2023 order by April 19, 2023, which was 30 days after the district court entered that order. *See id.* R. 4(a)(1)(A); 28 U.S.C. § 2107(a). Although Spivey filed objections to the R&R that the district court construed as a motion for

reconsideration, that motion was untimely to toll the appeal period because it was not filed within 28 days of the March 20 order. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Thus, his June 13 notice of appeal was untimely as to the March 20 order.

The statutory time limit required Spivey to file a notice of appeal from the May 12, 2023 order by June 12, 2023, which was the first business day after the 30-day period following the district court's entry of that order. *See id.* R. 4(a)(1)(A), 26(a)(1)(C); 28 U.S.C. § 2107(a). Thus, his notice of appeal also was untimely as to the June 12 order. Additionally, to the extent that Spivey's notice of appeal may be construed as challenging any other district court orders, an appeal from any of those orders would also be untimely. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).

Finally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.