[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13400

Non-Argument Calendar

_____

BLAKE DORR,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:15-cv-00988-ACC-DCI

_____

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Blake Dorr to file a notice of appeal from the district court's September 12, 2023, final judgment on or before October 12, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Dorr did not file his notice of appeal until October 13, 2023.

Further, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) because Dorr did not move to extend or reopen the appeal period. *See* Fed. R. App. P. 4(a)(5), (6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.