[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10308

Non-Argument Calendar

_____

BENJAMIN VIENT,

Plaintiff-Appellant,

*versus*

HIGHLANDS NEWS-SUN,

Defendant-Appellee,

TIM SMOLARICK, et al.,

Defendants.

_____

2                     Opinion of the Court                   24-10308

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:19-cv-14012-RLR

_____

Before WILSON, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Appellant Benjamin Vient, proceeding *pro se*, previously sued Highlands News-Sun, bringing copyright infringement claims. The district court granted summary judgment to Highlands. Over a several month period after the district court granted summary judgment, Vient moved for reconsideration five times. Each time, the district court denied the motion. On June 1, 2022, when the district court denied the fifth motion for reconsideration, it instructed the clerk to refuse to accept "all future filings from [Vient] with the sole exception of a notice of appeal."

On January 30, 2024, Vient filed a notice of appeal in the district court. According to the notice, Vient submitted to the district court filings titled "Motion to Correct the Court Record and Proper Adjudication of the Corrected Motion" and "Notice for Records and Testimony Request Under § 810 of the Federal Judiciary regulations," and on December 11, 2023, the district court returned the submissions to Vient without adding any entry to the docket in his case to reflect that documents had been submitted or rejected. In the notice of appeal, Vient stated that he was seeking review of the

district court's "action and response" related to his filings. Vient paid a filing fee for the appeal.

To the extent that Vient has appealed the district court's order imposing a filing injunction or the recent rejection of his submissions, we lack appellate jurisdiction. The district court entered the filing injunction on June 1, 2022. Vient's notice of appeal, which was filed in January 2024, is untimely to appeal that order. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); Fed. R. App. P. 4(a)(1)(A). It is possible that Vient sought to appeal the district court's recent rejection of his submissions. But because the district court's apparent decision to reject his submissions appears nowhere on the district court's docket, we have no district court decision to review and thus lack jurisdiction on appeal. *See* 28 U.S.C. § 1291.

We liberally construe *pro se* filings. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Here, we construe Vient's notice of appeal as seeking to challenge the district court's failure to place any notation on the docket reflecting that he sought to file documents and that the filings were rejected. The proper vehicle for making such a challenge is a petition for mandamus. We thus treat the notice of appeal as a petition for a writ of mandamus seeking at, a minimum, an order directing the district court to place a notation on the docket that submissions were rejected. *See United States v. Shalhoub*, 855 F.3d 1255, 1262–63 (11th Cir. 2017). ("The All Writs Act permits us to issue a writ of mandamus to compel a district court to perform a particular action within its jurisdiction.").

At this point, we express no opinion about whether Vient is entitled to any relief on the mandamus petition.

To the extent that Vient sought to appeal a district court order, the appeal is DISMISSED. We further DIRECT the Clerk to treat the Notice of Appeal as a petition for a writ of mandamus and OPEN an original proceeding in this Court. Because Vient has already paid a filing fee, we DIRECT the Clerk to collect no filing fee associated with the mandamus proceeding.