[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13885

Non-Argument Calendar

_____

TORRENCE SANDERS,

                                                    Petitioner-Appellant,

*versus*

WARDEN,
ATTORNEY GENERAL OF THE STATE OF GEORGIA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03606-SEG

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction because Torrence Sanders's notice of appeal, deemed filed on November 13, 2023, was untimely to appeal from the district court's September 5, 2023 final order and judgment dismissing his 28 U.S.C. § 2254 habeas petition. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). The 30-day, rather than 60-day, appeal deadline applies because Sanders's action was a § 2254 habeas proceeding challenging his state criminal judgment and neither the United States nor any of its agencies or officials were parties. *See* Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b). Finally, although Sanders moved for an extension of time to appeal below, the district court denied his motion and he has not appealed that denial or indicated that he seeks to challenge it on appeal. Regardless, he was not entitled to an extension of time to appeal or a reopening of the appeal period because his motion for an extension was not filed within 30 days of his appeal deadline, and he received the final order and judgment within 21 days of their entry. *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5); Fed. R. App. P. 4(a)(6).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules. All pending motions are DENIED as moot.