[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 24-13400

Non-Argument Calendar

————————————

REGINALD BOOKMAN,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:16-cv-00906-CEM-EJK

2                    Opinion of the Court                    24-13400

———————————

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Reginald Bookman, a Florida prisoner proceeding *pro se*, appeals from the district courts' May 5, 2016, order transferring his case from the Northern District of Florida to the Middle District of Florida; October 20, 2016, order terminating the respondents' motion to dismiss; and February 24, 2017, order denying Bookman's habeas corpus petition and dismissing the case. He was required to file a notice of appeal from the last of those orders, the corresponding separate judgment for which was entered on February 27, 2017, by March 29, 2017. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(a). However, Bookman's notice of appeal was not deemed filed until October 1, 2024. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that, under the prison mailbox rule, a notice of appeal mailed by a *pro se* prisoner through the prison mail system is deemed filed on the date that he delivers it to prison authorities for mailing). Accordingly, the notice is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.