[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12731

Non-Argument Calendar

_____

ERIC GEROW,

Plaintiff-Appellant,

*versus*

GOVERNOR OF CALIFORNIA,
CALIFORNIA STATE SENATE,
TONI ATKINS,
Senator,
CALIFORNIA STATE ASSEMBLY,
SECRETARY OF THE SENATE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02976-MSS-UAM

_____

Before ROSENBAUM, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

Eric Gerow, proceeding *pro se*, appeals from multiple district court orders dismissing his claims against some of the 51 named defendants in this action, as well as "each other detrimental ruling and order." Jurisdictional questions asked the parties whether (1) Gerow's notice of appeal is taken from a final or otherwise appealable order, and (2) his notice is timely as to orders issued in May 2024.

The Appellees respond that the district court has not yet entered a final order, the dismissal orders are not immediately appealable, and the notice of appeal is untimely as to the May 2024 orders as well as the orders denying Gerow's motions for preliminary injunctive relief. Gerow responds that he filed his notice of appeal "from an abundance of prudence" and does not take a position as to the issues raised in the jurisdictional questions.

We lack jurisdiction over this appeal because there are not any final orders and Gerow's notice of appeal is not timely as to the immediately appealable injunction orders. The dismissal orders are not final because the district court has not yet resolved all of

Gerow's claims against all defendants.  *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).  The dismissal orders are also not immediately appealable under 28 U.S.C. § 1292(a)(1) because they did not expressly concern preliminary injunctive relief and did not have the effect of denying injunctive relief.  *See* 28 U.S.C. § 1292(a)(1); *Citizens Concerned About Our Children v. Sch. Bd. of Broward Cnty., Fla.*, 193 F.3d 1285, 1289 (11th Cir. 1999); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1290 (11th Cir. 2010).  Further, the collateral order doctrine does not apply here.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

Gerow's August 23, 2024, notice of appeal is untimely as to the only potentially immediately appealable orders: a December 12, 2023, order denying a motion for a preliminary injunction and a January 19, 2024, order denying a motion for a temporary restraining order.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); 28 U.S.C. § 2107(b)(2)-(3); Fed. R. App. P. 4(a)(1)(B)(ii)-(iii).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED AS MOOT.