[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11705

Non-Argument Calendar

_____

ZACHARY O. SMITH,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-01032-SPC-KCD

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Zachary O. Smith, *pro se*, appeals from the district court's final order and February 10, 2025, judgment denying his habeas corpus petition. The 30-day statutory time limit required Smith to file a notice of appeal on or before March 12, 2025. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010). However, Smith did not deliver the operative notice of appeal to prison authorities for mailing until April 15, which was too late to invoke our appellate jurisdiction. *See* Fed. R. App. P. 4(c)(1); *Green*, 606 F.3d at 1300-01.

Nevertheless, upon review of the record below, the district court is DIRECTED to transmit to this Court Smith's filing titled "Petition for Permission to Appeal," docketed on March 14, 2025, as a "Motion for Certificate of Appealability," as a notice of appeal from the district court's final order and judgment. We construe that filing as a timely notice of appeal. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that a document may be construed as a notice of appeal when (1) the document serves the functional equivalent of a notice of appeal, and (2) the document "specifically indicate[s] the litigant's intent to seek appellate review"); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Federal] Rule [of Appellate Procedure] 4 gives the notice required by Rule 3, it is effective

25-11705              Opinion of the Court                    3

as a notice of appeal.").  Upon receiving that construed notice of appeal from the district court, the Clerk shall open a new appeal.