**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11011

Non-Argument Calendar

_____

LEROY THOMAS,
    a.k.a. Leroy A. Thomas,

*Plaintiff-Appellant,*

*versus*

U.S. SECURITIES AND EXCHANGE COMMISSION,
ACTING CHAIRMAN OF THE U.S. SECURITIES &
EXCHANGE
COMMISSION,

*Respondents-Appellees,*

CHAIRMAN OF THE U.S. SECURITIES & EXCHANGE
COMMISSION,

*Respondent.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cv-00313-MW-MJF

————————————

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

LeRoy Thomas, proceeding pro se, appeals the district court's dismissal of his complaint for violating an injunction and appears to also challenge 20-year-old orders from a different district court. The Securities and Exchange Commission ("SEC") moved for summary affirmance, arguing that we lack jurisdiction to hear Thomas's appeal of earlier district court orders and that the present complaint violated a prior injunction. We grant the SEC's motion and affirm.[1]

## I.    RELEVANT BACKGROUND

Since at least 2000, Thomas has repeatedly hauled into federal courts across Florida a rotating cast of defendants—among them the SEC—all tied to his long-running narrative of "stolen" or otherwise "missing" securities. We spare the reader the full chronicle of filings, refilings, and recycled allegations, and recount only those facts necessary to resolve this appeal.

———————————

[1] On August 18 and 27, 2025, Thomas filed motions for appointment of counsel. Thomas also filed other motions on November 18, 2025 and December 1, 2025. We DENY these motions as moot. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

On August 12, 2024, Thomas filed a complaint in the Northern District of Florida against the SEC and its Commissioner ("Complaint"), again alleging the disappearance of certain securities. The SEC responded by seeking an order to show cause in *Thomas v. SEC*, No. 1:03-cv-23429 (S.D. Fla.), arguing that the new filing violated an injunction entered in May 2004 by Judge Seitz (the "2004 Injunction"). The 2004 Injunction required Thomas to obtain leave of the Southern District of Florida before filing any action "related to or originating from the 'missing securities.'" The SEC also requested the Northern District of Florida hold this case in abeyance pending the Southern District of Florida's determination. Both motions were granted.

On November 15, 2024, Judge Moore of the Southern District of Florida[2] concluded that the Complaint violated the 2004 Injunction. Following that ruling, the Northern District of Florida ordered Thomas to show cause why the case should not be dismissed. After responding to the order, Thomas filed several motions seeking to lift the stay or to obtain reconsideration. Each motion was denied.

On March 6, 2025, the Northern District of Florida dismissed the present case, relying on "Judge Moore's determination that [Thomas] ha[d] violated the injunction of the Southern District of

---

[2] On October 3, 2024, *Thomas v. SEC*, No. 1:03-cv-23429 (S.D. Fla.), was reassigned to Judge K. Michael Moore for all further proceedings.

Florida by filing the present action without leave of court." This appeal followed.

## II.    STANDARD OF REVIEW

Although we ordinarily review a district court's interpretation of its own injunction for abuse of discretion, that standard does not apply to "one judge's interpretation of an injunction issued by another judge." *Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009). Because the dismissal here rested on Judge Moore's view of an injunction issued by Judge Seitz, we review the application of the 2004 Injunction de novo.

Summary disposition is appropriate where time is of the essence, including "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

## III.    ANALYSIS

Summary affirmance is warranted. Here, Thomas purports to challenge not only the Northern District's dismissal of this action, but also orders entered in "00:1305-cv-Seitz" and "1:03:023429-cv-Moore." But any final, appealable judgment in those other matters is, at a minimum, nearly two decades old.

---

[3] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

"When a United States agency is a party to a suit, the notice of appeal must be filed within sixty days after the entry of the judgment or order being appealed." *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (citing Fed. R.App. P. 4(a)(1)(B)). The timely filing of such a notice is a jurisdictional requirement. *Id.* Thomas's attempts to reopen those proceedings are therefore untimely and fall outside our jurisdiction.[4]

What remains, then, is Thomas's challenge to the Northern District of Florida's dismissal of this action for violating the 2004 Injunction. That injunction prohibits Thomas from filing any pleadings related to the securities at issue in his 2003 Southern District of Florida action without first obtaining leave of the court. He sought no such leave, and the Complaint nonetheless advances claims arising from the same "missing securities." The district court therefore correctly dismissed the action as filed in violation of the 2004 Injunction. Because that disposition resolves the case,

---

[4] Even if we were to "liberally" construe Thomas's notice of appeal, *see Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004), as seeking review of Judge Moore's determination that the Complaint violates the 2004 Injunction, that ruling is not final and thus not appealable. "[W]e may hear appeals 'from all final decisions of the district courts of the United States.'" *Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co.*, 768 F.3d 1320, 1324 (11th Cir. 2014) (quoting 28 U.S.C. § 1291). And "[a]n order concerning the enforcement of a permanent injunction is not final unless it holds a party in contempt of court or imposes a sanction for violating the injunction." *Id.* at 1325; *see Major v. Orthopedic Equip. Co.*, 561 F.2d 1112, 1115 (4th Cir. 1977). Put simply, "we lack § 1291 jurisdiction." *Mamma Mia's*, 768 F.3d at 1326.

6                    Opinion of the Court                    25-11011

his challenges to the district court's order holding this action in abeyance are moot. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

As the SEC's position is "clearly right as a matter of law," we grant its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**