**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12919

Non-Argument Calendar

————————————

SARA ADIR,

Plaintiff-Appellant,

versus

USCIS, HOMELAND SECURITY,
 f.k.a. INS,

Defendant- Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01742-VMC

————————————

Before JORDAN, LAGOA and ABUDU, Circuit Judges.

PER CURIAM:

Sara Adir filed a pro se notice of appeal that did not designate the ruling(s) she challenged.  We liberally construe the notice as

challenging the district court's May 22, 2023 final judgment and all postjudgment orders. *See* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal."); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (holding that pro se filings are liberally construed). Adir's August 20, 2025 notice of appeal, however, is untimely as to all rulings.

First, because Adir did not file a timely tolling motion, the statutory time limit required her to file a notice of appeal from the May 22, 2023 judgment on or before July 21, 2023. *See* Fed. R. App. P. 4(a)(1)(B) (providing that a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered when a federal agency is a party); *id*. R. 4(a)(4)(A) (providing that a postjudgment motion for reconsideration tolls the time to appeal, and the time to appeal begins upon entry of the order disposing of the motion); Fed. R. Civ. P. 59(e) (providing that a motion for reconsideration must be filed within 28 days of the entry of the judgment). Her August 20, 2025 notice of appeal is therefore untimely as to the May 22, 2023 judgment.

Further, Adir's August 20, 2025 notice of appeal is untimely as to the district court's most recent postjudgment order, entered on June 18, 2025. The statutory time limit required her to file a notice of appeal from the June 18, 2025 postjudgment order on or before August 18, 2025. *See* Fed. R. App. P. 4(a)(1)(B), 26(a)(1)(C). Her August 20, 2025 notice of appeal is therefore untimely as to the

25-12919                 Opinion of the Court                 3

most recent postjudgment order and all preceding postjudgment orders.

Because Adir's notice of appeal is not timely as to any ruling, we lack jurisdiction over this appeal. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that, in a civil case, the timely filing of a notice of appeal is a jurisdictional requirement). Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.