**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10380
Non-Argument Calendar
_____

CHARMAINE SAUNDERS,

*Plaintiff-Appellant,*

*versus*

REINALDO OJEDA,
BRANDON RAFOOL,
MICHAEL MCDANIEL,
STACY M. BUTTERFIELD,

in their individual and official capacities

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-00978-MSS-NHA
_____

Before ROSENBAUM, NEWSOM, and KIDD, Circuit Judges.

2                    Opinion of the Court                26-10380

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Charmaine Saunders, proceeding pro se, appeals from the district court's: June 12, 2025, order dismissing her complaint; and December 15, 2025, order denying her Fed. R. Civ. P. 60(b) motion to vacate the judgment.

Because the district court did not enter a separate judgment, judgment was deemed entered on November 10, 2025. *See* Fed. R. Civ. P. 58(a) (requiring a judgment to be set out in a separate document), Fed. R. Civ. P. 58(c) (explaining that when an order requires a separate judgment, but a separate judgment is not entered, judgment is deemed entered 150 days from the entry of the order); Fed. R. App. P. 4(a)(7)(A)(ii) (same); Fed. R. App. P. 26(a)(1), (3). Saunders's Rule 60(b) motion tolled the time to appeal the judgment, so she had 30 days from entry of the district court's December 15 order denying her motion, or until January 14, 2026, to appeal the judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(a)(4)(A)(vi) (explaining that, for tolling purposes, the time to file under Rule 60 is the same as the time to file under Rule 59); Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend judgment be filed within 28 days of entry of the judgment). The notice of appeal, filed on January 29, 2026, is thus untimely as to the judgment and the post-judgment order and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Nevertheless, upon review of the record below, the district court is DIRECTED to transmit to this Court Saunders's "Emergency Motion to Vacate," docketed on November 26, 2025, as a notice of appeal from the district court's June 12, 2025, order. We construe that filing as a timely notice of appeal from that order. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278–80 (11th Cir. 2001) (explaining that a document may be construed as a notice of appeal when (1) the document serves the functional equivalent of a notice of appeal, and (2) the document "specifically indicate[s] the litigant's intent to seek appellate review"); *Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document filed within the time specified by [Federal] Rule [of Appellate Procedure] 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). Upon receiving that construed notice of appeal from the district court, the Clerk of this Court shall open a new appeal.

All pending motions are DENIED as moot.