**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13653
Non-Argument Calendar
_____

ANTHONY JEROME COOPER,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00882-WWB-MCR
_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Anthony Cooper, pro se, appeals from the district court's August 18, 2025 order and judgment denying his habeas corpus petition. The statutory time limit required Cooper to file a notice of appeal on or before September 17, 2025. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010). However, Cooper did not deliver the operative notice of appeal to prison officials for mailing until October 8, 2025, which was too late to invoke our appellate jurisdiction. *See* Fed. R. App. P. 4(c)(1); *Green*, 606 F.3d at 1300-01.

Nevertheless, upon review of the record below, the district court is DIRECTED to transmit to this Court Cooper's filing titled "Petition for Certificate of Appealability," docketed on September 19, 2025, as a notice of appeal from the district court's final order. We construe that filing, which Cooper gave to prison officials for mailing on September 15, 2025, as a timely notice of appeal from the district court's final order and judgment. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that a document may be construed as a notice of appeal when the document (1) serves the functional equivalent of a notice of appeal, and (2) "specifically indicate[s] the litigant's intent to seek appellate review"); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Federal] Rule [of Appellate Procedure] 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). Upon receiving that construed notice of appeal from the district court, the Clerk shall open a new appeal.

25-13653                     Opinion of the Court                          3

All pending motions are DENIED as moot.