In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14311

_____

CLIVE RICHARDS,

*Plaintiff-Appellant,*

*versus*

FULTON COUNTY GOVERNMENT OF THE STATE OF
GEORGIA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-05086-ELR

_____

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

BY THE COURT:

Clive Richards, pro se, filed a 42 U.S.C. § 1983 complaint alleging due process violations. On October 16, 2025, the district court entered judgment dismissing Richards's complaint. On November 5, 2025, the district court entered a letter order, signed

2                    Order of the Court                    25-14311

by the district judge, denying Richards's request to waive PACER fees.  On December 8, 2025, Richards filed a notice of appeal.

A jurisdictional question ("JQ") asked the parties to address whether Richards's notice of appeal was timely, particularly as to the November 5 letter order.

Upon review of the record and the response to the JQ, we conclude that we lack jurisdiction to review the October 16 judgment.  Richards had until November 17 to appeal that judgment.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  His notice of appeal, filed on December 8, 2025, is thus untimely and cannot invoke our appellate jurisdiction.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).  Accordingly, this appeal is DISMISSED in part as to the district court's October 16 judgment.

We CARRY WITH THE CASE the issue of whether Richards's notice of appeal was timely to appeal from the district court's November 5, 2025 letter order.  A final determination regarding this jurisdictional issue will be made by the panel to whom this case is submitted after briefing on the merits is completed.  In their merits briefs, the parties are not required to discuss the jurisdictional issue in great detail, but they may address it as they deem necessary or appropriate.