**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12150
Non-Argument Calendar
_____

FREDERICK SAUNDERS,
  individually,

                                                        *Plaintiff-Appellant,*

*versus*

SIGNATURE FLIGHT SUPPORT, LLC,
  a Delaware limited company,
  d.b.a. Signature Aviation,

                                                        *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00230-RBD-LHP
_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Frederick Saunders, pro se, appeals from the district court's order and April 3, 2025, judgment awarding attorney's fees to Signature Flight Support, LLC, as well as the district court's September 12, 2024, order dismissing his complaint as a sanction under Federal Rule of Civil Procedure 37. Signature moves to dismiss the appeal as untimely. In response, Saunders argues that his appeal is timely under the doctrine of equitable tolling.

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010). A notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). If the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend. Fed. R. App. P. 26(a)(1)(C). Because federal courts have "no authority to create equitable exceptions to jurisdictional requirements," the time requirements of § 2107 cannot be equitably tolled. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, we lack jurisdiction over the appeal because it is untimely. Saunders had until May 5, 2025, the first business day following expiration of the 30-day appeal period, to appeal. *See* 28 U.S.C. § 2107; Fed. R. App. P. 26(a)(1)(C); *Green*, 606 F.3d at 1300-01. He did not file his notice of appeal until June 23, and § 2107's time requirements cannot be equitably tolled. *See Bowles*, 551 U.S. at 214.

25-12150                Opinion of the Court                    3

Accordingly, we GRANT the motion to dismiss and DISMISS this appeal for lack of jurisdiction.