**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12968
Non-Argument Calendar
_____

MARCUS WHITE,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00544-ACC-NWH

_____

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Marcus White, pro se, appeals from the district court's final judgment denying his habeas corpus petition, which was entered on June 17, 2025. The 30-day statutory time limit required White

to file a notice of appeal on or before July 17, 2025. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010). However, White did not give the filing construed as his notice of appeal to prison authorities for mailing until August 21, 2025, which was too late to invoke our appellate jurisdiction. *See* Fed. R. App. P. 4(c)(1); *Green*, 606 F.3d at 1300-01. Therefore, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.

Nevertheless, the record reveals that White filed another document that is properly construed as a timely notice of appeal. The district court is DIRECTED to transmit to this Court White's "Petition for Certificate of Appealability," which was docketed on July 16, 2025, as a motion for certificate of appealability, as a notice of appeal from the district court's final order and judgment. We construe that filing, in which White expressed his intent to appeal the judgment, as a timely notice of appeal. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001) (explaining that a document may be construed as a notice of appeal when (1) the document serves the functional equivalent of a notice of appeal, and (2) the document "specifically indicate[s] the litigant's intent to seek appellate review"); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Federal] Rule [of Appellate Procedure] 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). Upon receiving that construed notice of appeal from the district court, the Clerk shall open a new appeal.